THOMAS P. QUINN, JR. (State Bar No. 132268)
NOKES & QUINN
410 BROADWAY, SUITE 200
LAGUNA BEACH, CA 92651
Tel: (949) 376-3500
Fax:  (949) 376-3070
Email:  tquinn@nokesquinn.com
Attorneys for Defendant EQUIFAX INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HERAS,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INC.,<br><br>Defendant. | Case No: 2:17-cv-02384-MWF-AJW<br><br>The Hon. Michael W. Fitzgerald<br><br>**AMENDED JOINT REPORT**<br>Scheduling Conference:<br>Date: June 5, 2017<br>Tme: 11:00 a.m.<br>Ctrm: 5A |

**A.    Statement of the Case**

Plaintiff Anthony Heras ("Plaintiff") filed suit against Equifax Inc. ("Defendant") for an alleged violation of the Fair Credit Reporting Act ("FCRA") related to a single inquiry on his file.

Plaintiff's Statement:

Equifax Inc. is one of the consumer reporting agencies. This may be a play of words the Equifax, Inc. is manipulating the system with their difference DBA's. Equifax, Inc. is one of the three big credit reporting agencies that also include Transunion and Experian. Plaintiff may need to request a leave of Court to name all the responsible defendants in this case. These defendants will be all the names Equifax, Inc. is doing business under. Equifax, Inc. has caused an extra inquiry on Plaintiff's credit report and when asked to correct the issue, Equifax, Inc. has ignored Plaintiff's request. The FCRA stipulates that data furnishers to the credit reporting

agencies must reply to disputes within 30 days or remove the erroneous entries. Equifax, Inc. which is a data furnisher and a credit reporting agency, damaged Plaintiff's credit report by requesting Plaintiff's credit report without the proper permission from Plaintiff. Every inquiry on Plaintiff's credit report causes a damage to the credit file and counts as a mark against Plaintiff. Too many of these inquiries make Plaintiff appear desperate for money and Plaintiff appear that he is trying to get this money through credit.

<u>Defendant Equifax's Statement:</u>

Equifax Inc. is not a consumer reporting agency and not subject to the FCRA. Equifax Inc. has no liability to Plaintiff for any alleged violations of the FCRA. Further, Plaintiff failed to allege he suffered any damages and Equifax Inc. has not caused Plaintiff to suffer any damages.

**B.     Subject Matter Jurisdiction**

Plaintiff claims violations of the FCRA. Subject Matter Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). However, because Plaintiff fails to state an injury in fact, Equifax Inc. asserts Plaintiff lacks standing under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) and its progeny.

**C.     Legal Issues**

Defendant contends there are three legal issues:

1. Whether the Court has subject matter jurisdiction pursuant to *Spokeo*;
2. Whether Plaintiff's Complaint should be dismissed for failure to state a claim; and
3. Whether Equifax Inc. is a consumer reporting agency as defined by the FCRA.

**D.     Parties, Evidence, etc.**

<u>Anthony Heras, Plaintiff</u>

Key witnesses include:

Representative at Equifax who handle credit disputes.

Main documents Plaintiff intends to utilize include:

Plaintiff's credit report with Equifax.

<u>Defendant Equifax Inc.</u>

Key witnesses include:

Plaintiff

Representative for Equifax Inc.

Main documents Equifax intends to utilize include:

Documents Plaintiff contends support his claims and damages

Equifax Inc. documents that show it is not a consumer reporting agency.

Interested Parties:

Equifax Inc. is a publically traded company on the NYSE. No other company owns more than 10% of its stock.

**E.     Damages.**

<u>Anthony Heras, Plaintiff</u>

Plaintiff's lower credit score has prevented Plaintiff from acquiring credit. Equifax, Inc. has caused more damage to Plaintiff's credit report file. Initially, Plaintiff was only seeking that Equifax remove the unauthorized inquiries and sent Plaintiff sent Equifax letters requesting that they provide substantiation of authorization or to remove the inquiry. Defendant did neither. Now Plaintiff seeks not only that the inquiry be removed but also monetary compensation.

<u>Defendant Equifax Inc.</u>

Defendant Equifax, Inc. contends that plaintiff has not suffered damages in this matter.

**F.     Insurance**

<u>Plaintiff</u> – There is no insurance.

<u>Defendant Equifax</u> – Equifax Inc. does not anticipate any policy will be liable to satisfy part or all of any likely judgment.

### G. Motions

Plaintiff intends to file answers to motions and other pleadings necessary.

Equifax intends to file a motion for judgment on the pleadings pursuant to Rule 12(c).

### H. Manual for Complex Litigation

The parties do not believe that the procedures of the Manual for Complex litigation are necessary for this case.

### I. Status of Discovery

The parties have not yet commenced discovery.

### J. Discovery Plan

The parties will exchange the disclosures required by Rule 26(a)(1) by June 5, 2017. The parties propose that discovery be conducted per the provisions of the Federal Rules of Civil Procedure, without modification. Discovery will be conducted as follows:

Anthony Heras, plaintiff:

Plaintiff Anthony Heras will propound written discovery concerning claims from Equifax.

Defendant, Equifax, Inc.

Defendant Equifax, Inc. will propound written discovery concerning plaintiff's claims concerning the inaccuracy of Equifax's reporting and concerning the damages allegedly suffered by the plaintiff. Equifax will take the plaintiff's deposition.

### K. Discovery Cut-Off

The parties propose a discovery cut-off date of December 5, 2017.

### L. Expert Discovery

The parties propose an expert discovery cut-off date of February 5, 2018.

Plaintiff will serve his initial expert disclosures, if any, by November 6, 2017.

Defendant will serve its expert disclosure and rebuttal disclosures, if any, by December 5, 2017.

Plaintiff will have a rebuttal expert disclosure deadline of January 5, 2018.

**M.    Dispositive Motions**

The parties may file a motion for summary judgment as to liability and damages.  The proposed cut-off date for dispositive motions is March 5, 2018.

**N.    Settlement/Alternative Dispute Resolution (ADR)**

The parties have not yet made any settlement offers. The parties consent to a settlement conference before a magistrate judge.

**O.    Trial Estimate**

The parties estimate that trial should take 1-2 days.

Plaintiff anticipates calling ___ witnesses.

Equifax expects to call 4-5 witnesses (Plaintiff, potential expert(s), Equifax representative, and potential third party witnesses).

**P.    Trial Counsel**

<u>Plaintiff, Pro Se</u>

<u>Defendant Equifax</u> – Thomas P. Quinn, Charles Campbell, and Tony Love. (Mr. Campbell and Mr. Love are national counsel and will seek *pro hac vice* admission at the appropriate time).

**Q.    Independent Expert or Master**

The parties do not believe that it is necessary to appoint a master pursuant to Rule 53 or an independent scientific expert.

**R.    Timetable:**

See attached.

**S.    Other Issues**

The Parties, through their undersigned counsel, agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure, any pleadings or other

papers may be served by sending such documents by email to the primary and secondary email addresses of all counsel of record (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

      The parties are not aware of any other issues that should affect the status or management of the case.

DATE: June 2, 2017　　　　　　　　BY: _____
                                          Anthony Heras
                                          Plaintiff, Pro Se

DATE: June 2, 2017　　　　　　　　BY: /s/ Thomas P. Quinn, Jr.
                                          THOMAS P. QUINN, JR.
                                          Attorney for Defendant Equifax

| Case No. | 2:17-cv-02384-MWF-AJW |
|---|---|
| Case Name | Heras v. Equifax Inc. |

| Matter | Plaintiff's Date mo/day/year | Defendants' Date mo/day/year | Court Order |
|---|---|---|---|
| Jury Trial (Tuesday at 8:30 a.m.) Duration Estimate: 3-4 Days | | May 22, 2018 | |
| Final Pretrial Conference [LR 16] and Hearing on Motions In Limine (**Monday at 11:00 a.m. – 3 weeks before trial date**) Motions In Limine must be filed **3 weeks** before this date; oppositions are due **2 weeks** before this date; no reply briefs | | April 30, 2018 | |

| Event | Weeks Before Trial | Plaintiff's Date mo/day/year | Defendants' Date mo/day/year | Court Order |
|---|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings/Add Parties | | | August 7, 2017 | |
| Non-Expert Discovery Cut-Off | | | December 5, 2017 | |
| Expert Disclosure (Initial) | | | November 5, 2017 | |
| Expert Disclosure (Rebuttal) | | | December 5, 2017 | |
| Expert Discovery Cut-Off | | | February 5, 2018 | |
| Last Date to Hear Motions | | | April 15, 2018 | |
| Last Date to Conduct Settlement | | | February 5, 2018 | |

| | Conference | | | | |
|---|---|---|---|---|---|
| | For Jury Trial<br>-File Memorandum of Contentions of Fact and Law<br>-File Exhibit and Witness List<br>-File Status Report Re Settlement | | | 1 week before trial | |
| | For Jury Trial<br>-Lodge Pretrial Conference Order<br>-File Agreed Set of Jury Instructions and Verdict Forms | | | 1 week before trial | |

## CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

On June 2, 2017, I served a true copy of JOINT RULE 26(F) REPORT

[ ]   By personally delivering it to the persons(s) indicated below in the manner as provided in Federal Rule of Civil Procedure 5(B);

[X]   By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following;

Anthony Heras
3705 W. Pico Blvd.
Los Angeles, CA 90019

[X]   By ECF: On this date, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet;

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

/s/  Thomas P. Quinn, Jr.
THOMAS P. QUINN, JR.

Place of Mailing:  Laguna Beach, California.

Executed on June 2, 2017, at Laguna Beach, California.

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

DMSLIBRARY01\30435278.v1

- 3 –

DEFENDANT EQUIFAX INC.'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

## SERVICE LIST

Anthony Heras
3705 W Pico Blvd
Los Angeles, CA 90019
(213) 570-0170
Herasanthony@aol.com
***Plaintiff Pro Se***

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

DMSLIBRARY01\30435278.v1

- 4 –

DEFENDANT EQUIFAX INC.'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT